Tiki Brow
Clerk of State Cou
Clayton County, Georg
Waukecia Lawren

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| THERESA GRANT ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO: 2021CV02656 |
| vs. ) | |
| ) | |
| ) | |
| WALMART STORES EAST L.P.. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

**COMES NOW,** the Plaintiff, Theresa Grant, (hereinafter "Plaintiff") by and through her Counsel of record Keith Foster, Attorney, and for the cause of action against Walmart Stores East L.P., (hereinafter "Defendant") and respectfully states:

1.

Theresa Grant, Plaintiff, resides at ▬▬▬▬▬▬▬▬▬▬ and is a resident of the State of Georgia, Clayton County.

2.

The Defendant, Walmart Stores East L.P. is an Arkansas Corporation doing business in Clayton County and is subject to the jurisdiction of this Court. Service of process may be perfected on Defendant through its registered agent, The Corporation Company located at, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040-27943.

3.

Venue is proper in Clayton County pursuant to O.C.G.A. §14-2-510 (3).

## STATEMENT OF FACTS

4.

On March 13, 2020, Plaintiff was injured from a loose cart holding station incident at Walmart Stores East L.P. located in Clayton County, Georgia.

5.

On March 13, 2020, Plaintiff Grant was a patron at The Walmart Shopping Center located at 11465 Tara Blvd, Lovejoy, Georgia 30250. As Plaintiff Grant attempted to grab a shopping cart, she fell due to a loose cart holding station that came apart. The poles holding the station were supposed to be concreted into the ground.

6.

At all relevant times, Plaintiff exercised due care for her own safety.

7.

Walmart is solely responsible for all injuries Plaintiff Grant has suffered as a result of their negligence.

## NEGLIGENCE

8.

Defendant owed a duty of care to the Plaintiff in general, and to the Plaintiff in particular, to provide safe premises for the Plaintiff and other patrons shopping.

9.

The loose cart holding station was directly and proximately caused by the negligence of Defendant.

10.

The loose cart holding station was directly and proximately caused by Defendant's

negligence in failing to concrete the cart station poles, so that they are stable enough for patrons to grab and put carts away without possible injury. Instead, it was a hazardous area in which the plaintiff sustained immediate injuries.

11.

Plaintiff's personal injuries were directly and proximately caused by Defendant's negligence.

## DAMAGES

12.

As a direct result of Defendant's negligent conduct, Plaintiff incurred objective injuries requiring follow-up therapy and treatment. Plaintiff suffered immediate injuries to her *head, neck, mid/low back, left knee, right knee, left leg and left hand.*

13.

That as a direct and proximate result of the Defendant's negligence, Plaintiff sustained the following injuries, including, but not limited to: *M79.605 Pain in left leg, S33.5XXA Sprain of ligaments of lumbar spine, S13.4XXA Sprain of ligaments of cervical spine, S13.100A Dislocation of unspecified cervical vertebrae, S29.012A Strain of muscle and tendon of back wall of thorax, S83.8X1A Sprain of other specified parts of right knee, S83.8X2A Sprain of other specified parts of left knee, S63.8X2A Sprain of other part of left wrist and hand, S80.02XA Contusion of left knee, S39.012A Strain of muscle, fascia and tendon of lower back, S33.100A Dislocation of unspecified lumbar vertebra, S23.3XXA Sprain of ligaments of thoracic spine, S16.1XXA Strain of muscle, fascia and tendon at neck level, S23.100A Dislocation of unspecified thoracic vertebra, G44.319 Acute post-traumatic headache, M25.562 Pain in left knee, M54.16 Radiculopathy, lumbar region, M54.6 Pain in thoracic*

*spine, M54.2 Cervicalgia, S33.0XXA Traumatic rupture of lumbar intervertebral disc, M47.12 Other spondylosis with myelopathy, cervical region and M53.86 Other specified dorsopathies, lumbar region.*

14.

Defendant is liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

15.

Defendant is indebted to Plaintiffs for past, present and future treatment expenses; past, present and future pain and suffering; past, present and future loss of ability to enjoy life; past, present and future lost wages, expenses of litigation, and all other damages allowed by Georgia law.

16.

Plaintiff has incurred the following special damages:

| Medical Facility | Charges and Expenses |
|---|---|
| Piedmont Hospital | $3,394.42 |
| GA EM-I Medical Services, PC | $668.00 |
| Piedmont South Imaging | $94.00 |
| AICA Orthopedics | $11,924.75 |
| Summit Surgery Center | $7,293.30 |

Total for special damages and medical expenses are: $ 23,374.47

17.

Plaintiff seeks to and is entitled to recover for:

A. Personal injuries
B. Past, present, and future pain and suffering
C. Permanent Disability
D. Disfigurement

E. Mental Pain and anguish
F. Loss of capacity for the enjoyment of life
G. Economic losses
H. Incidental expenses
I. Past, present, and future medical expenses
J. Lost earnings
K. Loss of earning capacity
L. Permanent injuries
M. Consequential damages to be proven at trial.

**WHEREFORE**, Plaintiff respectfully prays as follows:

(a) That judgment be entered against the Defendant on Plaintiff's Complaint in an amount to be determined at trial;
(b) That all costs of this action be cast against the Defendant;
(c) That the Court grant Plaintiff such other and further relief that it deems just and proper; and
(d) Trial by Jury.

/s/ *Keith R. Foster*
Keith R. Foster, Esq.
Georgia State Bar No.: 271001
*Attorney for Plaintiff*

**THE FOSTER FIRM, LLC**
One Crown Center
1895 Phoenix Blvd., Suite 110
Atlanta, Georgia 30349
Telephone: (404) 559-8325
Facsimile: (404) 559-8335
Email: kfoster@tfflaw.net

IN THE STATE COURT OF CLAYTON COUNTY
STATE OF GEORGIA

THERESA GRANT,                                    Civil Action File No.
                                                  2021CV02656
    Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

    Defendant.
_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, L.P. and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient information to either admit or deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.  Venue is now proper in the United States District Court, Northern

District of Georgia, Atlanta Division.

4.

Defendant denies the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant denies the allegations contained in paragraph 8 of the Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves and have been omitted.

9.

Defendant denies the allegations contained in paragraph 9 of the Plaintiff's

Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11.

Defendant denies the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendant denies the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendant denies the allegations contained in paragraph 17 of the Plaintiff's Complaint, including subparagraphs A., B., C., D., E., F., G., H., I., J., K., L., and M. thereof.

18.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

19.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), and (d), thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360

 /s/   Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendant
WAL-MART STORES EAST, L.P.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, L.P. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the  21st  day of January, 2022.

McLAIN & MERRITT, P.C.


/s/ Ashley A. Bagiatis
Ashley A. Bagiatis
Georgia Bar No. 141360
Attorneys for Defendant
WAL-MART STORES EAST, L.P.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 266-9171
(404) 364-3138 (fax)
aabagiatis@mmatllaw.com